# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

Division

3-23CV2725-D



Case No. _____
(to be filled in by the Clerk's Office)

Geoffrey Pradia

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

The City of Rhome, Chief Of Police Eric Debus, City
Attorney Carvan Atkins, City Adminstrator Cynthia
Northrop, City Secretary Shannon Montgomery, City
Council Member Kathy Konegni

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Jury Trial: *(check one)*  ☒ Yes  ☐ No

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Geoffrey Pradia |
| Street Address | 4246 Saturn Road Apartment 181 |
| City and County | Garland, Dallas |
| State and Zip Code | Texas, 75041 |
| Telephone Number | (210) 323-2151 |
| E-mail Address | geoffreypradia@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | The City of Rhome |
| Job or Title *(if known)* | Government Entity |
| Street Address | 501 S. Main Street |
| City and County | Rhome, Wise |
| State and Zip Code | Texas, 76078 |
| Telephone Number | (817) 636-2462 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Eric Debus |
| Job or Title *(if known)* | Chief of Police |
| Street Address | 400 B.C. Rhome Ave |
| City and County | Rhome, Wise |
| State and Zip Code | Texas, 76078 |
| Telephone Number | (817) 636-2400 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Carvan ~~Atkins~~ GP Adklus |
| Job or Title *(if known)* | City Attorney |
| Street Address | 7908 Morning Lane |
| City and County | Fort Worth, Tarrant |
| State and Zip Code | Texas, 76123 |
| Telephone Number | (817) 292-6927 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | Cynthia Northrop |
| Job or Title *(if known)* | City Administrator |
| Street Address | 1304 Glenwood Cir |
| City and County | Breckenridge, Stephens |
| State and Zip Code | Texas, 76424 |
| Telephone Number | (972) 989-6786 |
| E-mail Address *(if known)* | |

Defendant No. 5

Shannon Montgomery

City Secretary

400 Steeple Ridge Rd

Fort Worth, Tarrant

Texas, 76140

Unknown and phone number

Defendant No. 6

Kathy Konegni

City Council Member

405 Troxell Blvd.

Rhome, Wise

Texas, 76078

(214) 394-8079

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☒  Federal question                  ☐  Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Title VII of the Civil Rights Act of 1964 Sec 2000e-2 (a) (1) [Section  703]
Health Insurance Portability and Privacy Accountability Act of 199642 U.S.C. 1320d-2

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff,  *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff,  *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant,  *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

    b.    If the defendant is a corporation    .

        The defendant,  *(name)* _____ , is incorporated under
the laws of the State of *(name)* _____ , and has its
principal place of business in the State of *(name)* _____ .
Or is incorporated under the laws of *(foreign nation)* _____ ,
and has its principal place of business in *(name)* _____ .

        *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

        The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

See attached statement.

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

The plaintiff is seeking compensation for lost wages, lost reputation, emotional damage, personal distress and lost time as well as a reversal of the status of discharge and purging of employee files and documents related to the investigation, termination and appeal of the same. The Plaintiff specifically seeks compensation in the amount of $104,000.00 for lost wages over the two years not being able to find suitable full time law enforcement employment. The plaintiff is seeking $250,000 for slandererous statements on social media and defamation of character. $250,000 for violation of my rights under Health Insurance Portability and Pricvacy Act (HIPPA). The plaintiff is seeking $250,00.00 for lost reputation, emotional distress, personal distress and lost time. The plaintiff seeks $146,000.00 in punative damages against the City of Rhome for denial of due process or a timely appeal in both the city appeal process and with his right to appeal to the Texas Commission on Law Enforcement (TECOLE), the State Regulatory agency over Peace Officer licensing. The plaintiff also petitions the court to order the city to reverse the status of termination and the status of discharge, segregate, seal, redact or destroy any files related to the investigation, termination, appeal or otherwise as relief for his reputation.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      12/11/2023

Signature of Plaintiff      _____

Printed Name of Plaintiff      Geoffrey Pradlla

### B.    For Attorneys

Date of signing:      _____

Signature of Attorney      _____

Printed Name of Attorney      _____

Bar Number      _____

Name of Law Firm      _____

Street Address      _____

State and Zip Code      _____

Telephone Number      _____

E-mail Address

I will begin this statement with events of September, 2021 and work to the most recent event on or about April 9, 2023 for the sake of continuity. On August 28, 2021 I submitted my resignation from the Rhome Police Department. The events described below took place following my resignation unless otherwise stated. I believe I was investigated and terminated from employment by the Rhome Police Department in violation of City policy during my resignation period on account of my race. I was the only person of color employed by the Rhome Police Department at the time and the only officer investigated or disciplined for violating the departments off duty employment policy. On numerous occasions policies at the City of Rhome and it's police department were handled unfairly. The facts and events are as follows;

1. On September 9, 2021 I was terminated from the Rhome police department and given a dishonorable discharge following an internal affairs investigation conducted by Chief of Police Eric Debus. I was the only person of color employed by the department at the time and find a discrepancy between how my situation was handled and how Chief Debus handled other white officers, who were not investigated or disciplined similarly. I believe this demonstrates clear inequality of treatment in the department.

2. I called the main line at the Police Department and advised the Chief Debus I woke up with COVID symptoms, had seen a doctor and would be under quarantine unable to return to work to fulfill my two weeks notice. City policy states that I should have been considered voluntarily separated from the department at that time. Chief Debus instead conducted an internal affairs investigation and terminated me. The same day I was terminated, a white officer notified the chief he had been injured working an off duty job, the job was in violation of the off duty employment policy. Chief Debus conducted no investigation and the officer was not disciplined in any way. The policy here was not equally applied due to my race.

3. When I advised Chief Debus I was under doctors instructions to quarantine due to COVID symptoms, he requested a copy of my positive test and my doctors name so he could contact them without my consent. When I advised him this was a violation of my rights under HIPPA, he accused me of being defensive, evasive in my answers and dishonest rather than respecting the rights I urged.

4. Chief Debus did not demonstrate I was dishonest, nor was I dishonest at any point during the investigation or when speaking with him. Chief Debus did not request photos of me visiting family as I had told him I was or copies of the doctors note I obtained advising me to quarantine, even though in my response to his internal affairs investigation I advised I could produce both.

5. The cities policy stipulates after submitting a resignation letter, if an employee is absent more than three shifts they are considered to have voluntarily separated from the city. It is my belief that Chief Debus ignored this section of the cities policy because I am a person of color and sought to terminate my employment.

6. Chief Debus failed to serve me my F-5r discharge from the city in a reasonable time to permit me to file an appeal of my termination with the state. State law requires this to be served to me within 7 days of being terminated. This, combined with the cities request for a deposition has caused an unreasonable delay in my appeal to the Texas Commission On Law Enforcement (TECOLE).

7. City Secretary Shannon Montgomery misplaced my request for an appeal of the decision causing an unreasonable delay in my appeal being heard before the city council. I filed my appeal the week I was terminated. The city claimed in May of 2022 they had not received an appeal from

me and later admitted it had been misplaced. I was not scheduled to appear before the council until December of 2022, more than a year after I was terminated. In the case of other white employees who were terminated during my tenure, their appeals took place in a reasonable time and not more than a year after termination, or after a new council had been elected.

8.  When I filed a complaint with City Administrator Cynthia Northrop against the chief, she conducted an investigation and determined there was no racial animus in my termination or misconduct on the part of the police chief. She concluded her investigation in late January or early February of 2022. In doing so she ignored my principal claim, that I was disciplined when white officers violated the same policy and were not disciplined.

9.  City Administrator Northrop was herself working additional jobs that had not been approved by the mayor or council at the time she conducted the investigation into my complaint. I believe her to have been a prejudiced investigator because of this.

10. At my appeal hearing held December 8, 2022 in executive session of the council, during my opening statement to the council, my attorney stated that my defense to the termination and it's claims was that I had misspoken while on the phone with Chief Debus. This is a fact that I stated in my internal affairs investigation response. I made no mention of my race or my complaint to the city administrator regarding my race.

11. During the same hearing in his rebuttal to my opening statement, Chief Debus remarked my only defense to being terminated is that I am a person of color. I believe this remark to have been retaliatory because of the complaint I filed with then City Administrator Cynthia Northrop in reference to racial prejudice in my termination, a complaint she determined to be unfounded while ignoring the facts supporting my allegation.

12. Chief Debus further remarked that the purpose of the F-5 process was to prevent bad officers from working at other departments. The implication of his statement was an attack on my character as he made the claim that I am a bad officer, even though I have received numerous commendations and complements to include the life saving award and the city's employee of the month award.

13. City Attorney Carvan Adkins was present during the executive session and did not advise the council members to ignore the remark or advise the Chief (who was acting as city administrator at the time) that the remark was out of line. I believe considering that Adkins was aware of the former complaint that had been dismissed, he should have known and advised the Chief Debus that my race was not an issue in the hearing. I believe City Attorney Carvan Adkins to have failed in his duty to the city and that his failure negatively impacted my hearing before the council members. This is why he is named as a defendant in the suit.

14. Chief Debus made the statement several times that the peace officer discharge process is about keeping bad cops off the street, inferring that I was a bad cop who hides behind my race to avoid accountability after his prior remark that my only defense to the termination is that I am a person of color.

15. On or about April 9, 2023 Kathy Konegni who was a member of the Rhome city council and sat in the executive session and was present during my appeal, which was held in executive session, posted a comment to a private Facebook group disclosing information discussed in that executive session. The council member stated that she had previously believed I was fired on account of my race and that I was instead terminated for violating city policy. Texas State Law prohibits council members from disclosing information discussed in executive session. I was the

only person of color employed by the Rhome Police Department and the only officer disciplined or terminated for violating the off duty employment policy. In my initial complaint to the city, I complained that I had been terminated for violating a policy that white officers were not terminated for violating. As a result of the investigation and my termination, I withdrew from running for Texas House District 93 after filing my treasurer report and before formally filing candidacy for the office.

16. In late March of 2023, just before proceeding to a deposition in the matter of my termination appeal, the city, through their attorney Carvan Adkins, offered to permit me an honorable discharge and not contest my appeal if I signed a statement saying there was no racial animus in my termination. When I considered this offer in exchange for my record being clear, the city rescinded their offer and stated I would only receive a general discharge if I agreed to drop my complaints about race.

The following additional claims support my assertion that Chief Debus terminated my employment because I am a person of color;

1. When Chief Debus approved a new off duty employment policy, I specifically requested to be permitted to change to reserve duty and continue working off duty employment traffic control. Chief Debus denied my request saying no reserve would be permitted to work outside the department. However, a white reserve officer was informed that he was "grandfathered in" and permitted to work off duty employment. In his response to my complaint to the city, the chief stated that he had no knowledge of this officers off duty employment activities. At the time I filed my original complaint to City Administrator Northrop, I was unaware of this fact and Chief Debus did not disclose it in his response to the complaint.

2. Prior to submitting my resignation, Chief Debus permitted review and commentary on a family violence investigation I conducted by an administrative assistant at the department who had previously been a reserve officer. I was the only person of color employed by the Rhome police department, and the only officer the chief permitted such input on the work of. The chief questioned my judgement in the case because of another employee who was not in a supervisory role's comments.

3. Prior to submitting my resignation in August of 2021, while responding to a call for service in reference to loose livestock, I drove my patrol vehicle into a field that contained mesquite trees. The trees caused some scratching to the exterior paint on both sides of the patrol vehicle. Chief Debus required a memorandum be completed and counseled me about proper reporting of damage to city property, even though I was able to buff the scratches out of the paint. In July of 2022, Detective Soultaire was attempting to jump start a city patrol vehicle and incorrectly attached the cables. The jump box he was using was fried and the patrol vehicle was nearly set on fire, smoking excessively because of the improper connection. Detective Soultaire, who is white, was not counseled, disciplined or required to submit a memorandum. Detective Solutaire also did not make any effort to repair the damage done to city property.

# EEOC (Inquiry) Number: 450-2023-05514

## Inquiry Information

### INQUIRY OFFICE

**Receiving:** Dallas District Office

**Accountable:** Dallas District Office

### POTENTIAL CHARGING PARTY

**Name:** Mr. Geoffrey A. Pradia

**Address:** 4246 Saturn Road Apt 181
GARLAND, TX 75041

**Year of Birth:**

**Email Address:** geoffreypradia@gmail.com

**Phone Number:** 210-323-2151

### POTENTIAL CHARGING PARTY'S DEMOGRAPHICS

**Gender:** M

**Disabled?** I do not have a disability

**Are you Hispanic or Latino?** not hispanic or latino

**Ethnicity:** Black or African American,

**National Origin:** American(U.S.)

### RESPONDENT/Employer

**Organization Name:** City of Rhome

**Type of Employer:** State or Local Government that I applied to, work for, or worked for

**Number of Employees:** Between 15 and 19 employees

**Address:** 501 S Main Street
RHOME, TX 76078

**County:** Wise

**Phone Number:** (817) 636-2462

### LOCATION OF POTENTIAL CHARGING PARTY'S EMPLOYMENT

**Address:** 400 BC Rhome

RHOME, TX 76078

**County:**

## RESPONDENT CONTACT

**Name:** City of Rhome

**Email Address:**

**Phone Number:** (817) 636-2462

**Title:**

## REASON(S) FOR CLAIM

**Date of Incident (Approximate):** 12/08/2022

**Reason for Complaint:** Race, National origin and/or ethnicity, Color, Religion

**Pay Disparity:**

**Location of Incident:** Texas

**Submission (initial inquiry) Date** 05/03/2023

**Claim previously filed as charge with EEOC?** No

**Approximate Date of Filing:**

**Charge Number:** 450-2023-05514

**Claim previously filed as complaint with another Agency?** No

**Agency Name:**

**Approximate Date of Filing:**

**Nature of Complaint:**

## Adverse Action(s)

I was terminated from employment (9/9/21) for violating the off duty employment policy. Two white employees who violated the same policy were not disciplined or investigated. I was not given the opportunity to backdate my resignation, a white employee was. my appeal of this termination was denied 12/8/22 and the city has since refused to negotiate a settlement of my discharge in March of 2022. I was locked out of the building during his investigation of me, a white employee was not.

## APPOINTMENT

**Appointment Date and time:** 09/07/2023 11:00:00 CST

**Interview Type:** Phone

## APPROXIMATE DEADLINE FOR FILING A CHARGE: 10/06/2023

## Supplemental Information

## What Reason(s) were you given for the action taken against you?

Violation of policy

## Was anyone in a similar situation treated the same, better, or worse than you?

Brody Brown, white officer, not denied access to building during internal affairs investigation.
Robert Smith, white officer, injured working off duty in violation of the same policy I was, no internal affairs investigation for FMLA or other leave, no discipline.
Marc Stanwyck, volunteer white officer, no investigation of compliance with off duty policy, even though he provided suspicious answers to whether he was in compliance with the off duty policy.
Stanwyck was given my full time position after I was terminated.
Other officers received their discharge papers promptly and in person, I did not ever get a copy of my discharge record from the city and had to request it from the state. I've been required to wait over a year for an appeal hearing before the city council, other officers did not get denied this due process when they were terminated and appealed. When white employees at the city of Rhome have been discussed in executive session, city council members did not discuss the matter out in public, however when I asserted to the city that I was treated unfairly based on my race, council members did not protect my privacy and instead began defending the chief, who is white, on facebook and discussing what went on in our private session.

## Please provide name(s) and email and/or phone number of anyone who will support your claim, and briefly describe the information this person will provide.

Robert Smith, anderson2729@yahoo.com, (806) 216-2015 will confirm that I was investigated and disciplined for violating the same policy he was neither investigated or disciplined for violating. Smith will also confirm that he was injured working off duty, and was not investigated.

Marc Stanwyck, marcstanwyck@outlook.com, (817) 313- 3310 will confirm he was not investigated in relation to off duty employment during the time frame.

Jason Debord, jasondebord2003@yahoo.com, (817) 269-9322 will confirm I was disciplined and terminated for violating the off duty employment policy yet the white city administrator violated policy on the same topic, while investigating my claim that I had suffered mistreatment in my termination based on my race and was not disciplined. Debord will also confirm that I was denied an appeal for an unusual amount of time following my request for one.

Brody Brown, bbrownk916@gmail.com, (940) 210-7597 will confirm he was not denied access to the building during internal affairs investigation while I was denied access to the building during a similar investigation.

## Please tell us any other information about your experience?

I have listed the date of the most recent discriminatory action as December 8, 2022 when the council met and my appeal was denied. However, I believe the discrimination on the part of the city to be ongoing in their handling of my appeal to the state for a change in the status of my discharge, as well as the way in which the council members, who were all white have acted towards me. A council member posted information discussed about me and my termination publicly on facebook when this should have been kept private as it was in executive session. The chief asserted, without me bringing up the race issue in the meeting that his decision was not based on racial prejudice yet provided no evidence to the contrary. The chief further sought a letter from me stating there was no racial animus in his decision in exchange for giving me an honorable discharge, but then refused to give me an honorable discharge when I agreed to drop the issue of my mistreatment.

I was not given a prompt hearing before the council as white employees were when they were terminated. A white employee who was fired because I caught her drinking and driving was reinstated to her position and recently celebrated one year with the city, I on the other hand have been slandered by council members and the chief.

The city has invested an unusual amount of time, effort and financial resources in fighting my appeal to the state.

Rather than being willing to allow me to drop my claim of racial animus in my termination and receive an honorable discharge or any other solution to make it right, the chief is fighting my claims at every turn.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | **450-2023-05514** |

| **Texas Workforce Commission Civil Rights Division** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*<br>Mr. Geoffrey A. Pradia | Home Phone<br>210-323-2151 | Year of Birth |
|---|---|---|

Street Address

4246 Saturn Road Apt 181

GARLAND, TX 75041

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>City of Rhome | No. Employees, Members<br>15 - 100 Employees | Phone No.<br>(817) 636-2462 |
|---|---|---|

Street Address

501 S Main Street

RHOME, TX 76078

| Name | No. Employees, Members | Phone No. |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| Color, National Origin, Race, Retaliation | Earliest<br>09/09/2021 — Latest 12/08/2022 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I. PERSONAL HARM:**

On September 9, 2021, I was terminated from my position as a police officer by Eric Dubes (Chief of Police) while my White co-workers who violated the same policy were not disciplined nor investigated for their actions. Additionally, my White co-worker was given the opportunity to backdate his resignation while I was not. Then on December 8, 2022, my appeal to my termination was denied; however, my White co-workers have not been treated in the same manner.

**II. RESPONDENTS REASON FOR ADVERSE ACTION:**

I was informed via email by Eric Dubes (Chief of Police) that I was being terminated due to violating the off-duty employment policy; however, no reason was given for my appeal for my termination being denied.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| _____<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | **450-2023-05514** |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

III.     DISCRIMINATION STATEMENT:

I believe that I was discriminated against because of my race (Black), national origin (American), and color, in violation of Title VII of the Civil Rights Act of 1964, as amended as well as I believe that I was retaliated against in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| _____          _____<br>*Date*                                    *Charging Party Signature* | SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE<br>*(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Dallas District Office**
207 S. Houston Street, 3rd Floor
Dallas, TX 75202
(800) 669-4000
Website: www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/13/2023

**To:** Mr. Geoffrey A. Pradia
4246 Saturn Road, Apt. 181
Garland, TX 75041

Charge No: 450-2023-05514

EEOC Representative and email:   Yolanda Brown
EO Investigator
yolanda.brown@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 450-2023-05514.

On behalf of the Commission,

Digitally Signed By: Travis M. Nicholson
09/13/2023

Travis M. Nicholson
District Director

**Cc:**
Shaina Odom, City Secretary
City of Rhome
501 S Main Street
Rhome, TX 76078
citysecretary@cityofrhome.com


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal, or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request

identifying your request as a "FOIA Request" for Charge Number 450-2023-05514 to the District Director at Travis M. Nicholson, 207 S. Houston Street 3rd Floor

Dallas, TX 75202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 450-2023-05514 to the District Director at Travis M. Nicholson, 207 S. Houston Street 3rd Floor

Dallas, TX 75202.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

JS 44 (Rev. 04/21) (TXND 4/21)

# CIVIL COVER SHEET

3 - 23CV2725 - D

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Geoffrey Pradia

## DEFENDANTS

City of Rhome, Eric Debus, Carvan Adkins Cynthia Northrop,Shannon Montgomery, Kathy Konegni

**(b)** County of Residence of First Listed Plaintiff **Dallas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Wise**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED

DEC 11 2023

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | **INTELLECTUAL** | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine | Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - | Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | [ ] 871 IRS - Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | **IMMIGRATION** | | Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of |
| | Other | [ ] 550 Civil Rights | [ ] 465 Other Immigration | | State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | Actions | | |
| | | [ ] 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964 Sec 2000e-2 (a) (1) [Section  703]

Brief description of cause:
Plaintiff received disparate treatment in privileges and discipline, plaintiff was retaliated against on the basis of complaint

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.